UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOHN G. WESTINE, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, UNITED STATES PENITENTIARY, VICTORVILLE, <br><br> Respondent. | No. EDCV 16-1692-R (AJW) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |

On August 3, 2016, petitioner, a federal inmate currently incarcerated in the United States Penitentiary in Victorville, California filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. The petition alleges that petitioner has been denied due process and was subjected to cruel and unusual punishment as a result of a prison lock down. In particular, petitioner alleges that he has been denied: (a) access to his legal property, (b) recreation, (c) phone calls, (d) proper bedding, (e) access to the law library, (f) "hygiene," (g) administrative remedies, (h) "commissary," (i) clean clothes, and (j) "medical sick call". [Petition at 3-4].

In general, claims challenging the fact or duration of a prisoner's confinement, should be presented in a habeas corpus

petition, while claims challenging the conditions of confinement should be presented in a civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005); Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam); Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, habeas corpus jurisdiction is absent, and a civil rights action, either pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), is the exclusive vehicle for relief. Nettles v. Grounds, ___ F.3d ___, 2016 WL 4072465, at *6 (9th Cir. July 26, 2016) (holding that if a state prisoner's claim does not lie at "the core of habeas corpus," it may not be brought in habeas corpus but must be brought, "if at all," under 42 U.S.C. § 1983)(quoting Preiser, 411 U.S. at 487 & Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011)).

Petitioner's complaints about the lack of access to his property and limitations on various privileges imposed as a result of the prison lock down do not implicate the fact or duration of his confinement because a judgment in his favor would not undermine the validity of his conviction or otherwise accelerate his release from custody. See Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). At best, a favorable judgment would alter the conditions under which he is confined. Accordingly, petitioner's claims must be raised, if it all, in a civil rights action under Bivens. See Greenhill v. Lappin, 376 Fed. Appx. 757, 757-758 (9th Cir. 2010) (holding that the appropriate remedy for a federal prisoner's claim relating to the conditions of confinement is

a civil rights action under Bivens); Torrez v. Mims, 2012 WL 4674439, at *3 (E.D. Cal. Oct. 3, 2012) (stating that conditions of confinement claims must be brought under Bivens, not in a habeas corpus petition); Dyson v. Ross, 2010 WL 3516358, at *3 (E.D. Cal. Sept. 2, 2010) (dismissing a claim challenging inmate's placement in special management housing unit for lack of habeas corpus jurisdiction).

For the foregoing reasons, the petition is dismissed without prejudice to petitioner's ability to file a separate civil rights action.[1]

**It is so ordered.**

Dated: 9-7-2016

Manuel L. Real
United States District Judge

---

[1] Although the Court may construe a habeas corpus petition as a civil rights action, conversion is inappropriate here because, among other things, petitioner has not satisfied the filing fee requirements for bringing a civil rights complaint. See Nettles, 2016 WL 4072465, at *10 (noting the potential disadvantages to a petitioner/plaintiff by recharacterizing a habeas petition as a civil right action, stating "[a]fter the PLRA became effective, "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects — such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings — that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus") (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir.), cert. denied, 132 S.Ct. 397 (2011)); Phelps v. Warden, 2016 WL 4446454, at *2 (C.D. Cal. Aug. 18, 2016) (declining to convert a habeas corpus petition into a civil rights complaint, recognizing "profound procedural and substantive differences between habeas corpus actions and civil rights actions"), report and recommendation adopted, 2016 WL 4445229 (C.D. Cal. Aug. 18, 2016).